TRANS WORLD MARINE, INC.,
Plaintiff–Appellant,

v.

William T. HOGARTH, Assistant Administrator for Fisheries of the National Oceanographic and Atomospheric Administration; National Marine Fisheries Services; Carlos M. Gutierrez, Secretary of the United States Department of Commerce, Defendants–Appellees.

No. 04–56811.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Jan. 26, 2007.

Peter H. Flournoy, Esq., International Law Offices, for Plaintiff–Appellant.

Robert H. Plaxico, AUSA, Office of the U.S. Attorney, San Diego, CA, Mark R. Freeman, Robert H. Plaxico, AUSA, Mark B. Stern, ESQ., U.S. Department of Justice, Civil Division, Washington, DC, for Defendants–Appellees.

Before: FISHER and CALLAHAN, Circuit Judges and COLLINS *, District Judge.

## MEMORANDUM **

In 2000, Congress appropriated $3,000,000 "to enable the Secretary of Commerce to provide economic assistance to fishermen and fishing communities affected by Federal closures and fishing restrictions in the Hawaii long line fishery, to remain available until expended." Consolidated Appropriations Act, Pub.L. No. 106–554, App. D, § 208, 114 Stat. 2763A–176 (2000). Appellees, Assistant Administrator for Fisheries William T. Hogarth, Secretary of Commerce Carlos M. Gutierrez and the National Marine Fisheries Service (NMFS), created the Direct Economic Assistance Program (DEAP) to identify qualified fishermen and distribute the appropriated funds. Directed Economic Assistance Program, 66 Fed.Reg. 58440 (Nov. 21, 2001). Appellant, Trans World Marine, Inc. (TWM), was denied compensation under the regulation because it submitted state, rather than federal, logbooks to prove eligibility.

We review de novo the district court's grant of summary judgment. *Natural Res. Def. Council, Inc. v. Nat'l Marine Fisheries Serv.*, 421 F.3d 872, 877 (9th Cir.2005). The Administrative Procedure Act governs our review of agency action. *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 638 (9th Cir.2004). The APA mandates that we "hold unlawful and set aside agency action ... [that is] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Because the DEAP reasonably requires federal logbook documentation to prove eligibility and TWM failed to submit federal logbooks, we affirm the district court's grant of summary judgment to Appellees.

## I.

■ TWM argues that NMFS's interpretation of its own regulation requiring submission of federal logbooks was arbitrary, capricious and an abuse of discretion. TWM asserts that language in the regulation's section entitled "Review Process" expressly permits vessel owners seeking review to prove catch history with state documents such as state logbooks. *See* 66 Fed.Reg. at 58441–42 (stating that vessel owners pursuing review "must present written vessel logbook documentation that was filed in a timely manner in accordance with NMFS regulations or USCG *or state* or territorial *documents to support claims of eligibility*") (emphasis added). NMFS interprets the same language as limiting use of state documents solely to proof of ownership.

When construing a regulatory term that appears ambiguous in isolation, this court

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

places the term in context in an attempt to derive its meaning. *See Alaska Trojan P'ship v. Gutierrez,* 425 F.3d 620, 628 (9th Cir.2005) (holding that "this court must look at the regulations as a whole in determining the plain meaning of a term"). Placed within the context of the regulation as a whole, the language in the "Review Process" section unambiguously limits use of state documents solely to proof of ownership. We reach this conclusion by comparing the language in the "Review Process" section to preceding language in the section entitled "Eligibility." When the regulation states that vessel owners seeking review may submit "USCG or state or territorial documents to support claims of eligibility," 66 Fed.Reg. at 58442, the language is referring back to the passage in the "Eligibility" section that permits applicants to document proof of ownership of an undocumented vessel with "a registration certificate issued by a state, a territory, or the USCG," *id.* at 58441. "[B]ecause the same terminology is used elsewhere in a context that makes its meaning clear," *United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), NMFS's intention to limit use of "state ... documents" solely to proof of ownership is thereby made plain by the larger regulatory scheme. Therefore, we reject Appellant's argument that NMFS's interpretation of the DEAP regulation was arbitrary or capricious.

## II.

TWM argues that even if the DEAP regulation may be interpreted to require submission of federal logbooks, the regulation is itself arbitrary and capricious because there is no rational or reasonable basis for requiring the submission of federal logbooks. We disagree.

All operators of vessels registered for use under a Hawaii longline limited access permit are required to submit federal logbook forms to the NMFS Regional Administrator within 72 hours of each landing. *See* 50 C.F.R. § 665.14; 50 C.F.R. § 665.21. Because federal logbooks are mandated by law, the NMFS reasonably expected that limiting proof of catch history to submitted federal logbooks would ensure compensation for qualifying operators while minimizing the possibility of fraudulent applications. Insisting that applicants demonstrate eligibility with federal logbooks enabled NMFS to compensate qualifying fishermen efficiently and, for the most part, accurately. Although TWM was unable to prove its eligibility—despite its apparent involvement in qualifying harvesting activities during the eligibility period—TWM's misfortune stems from TWM's failure to file federal logbooks, not NMFS's promulgation of arbitrary or capricious eligibility criteria.

**AFFIRMED.**